(Reap. Dec. 10237)

STANDARD BRANDS PAINT CO., INC. *v.* UNITED STATES

Entry No. 29562.

(Decided May 7, 1962)

*Lawrence & Tuttle* (*Edward N. Glad* of counsel) for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General (*James F. O'Hara*, trial attorney), for the defendant.

DONLON, Judge: On call of this case at the term of court in Los Angeles on February 2, 1962, counsel stipulated, in open court, that the merchandise covered by the entry in this appeal for reappraisement was entered after February 27, 1958, and was not on the final list published by the Secretary of the Treasury, T.D. 54521, under section 6(a) of the Customs Simplification Act of 1956, 70 Stat.

943, T.D. 54165. The case was then submitted on a further written stipulation of counsel for the parties, which was filed of record, as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto:

1. That the above entitled appeal for reappraisement is limited to the merchandise shipped by Hasegawa Shoten Co. of Japan.

2. That the said merchandise was appraised under Section 402(b) of the Simplification Act of 1956, Public Law 927, 84th Congress, 2nd Session.

3. That at the time of exportation to the United States, the price at which such or similar merchandise was freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, was the appraised unit values less the proportionate share of the inland freight, storage, hauling and lighterage, insurance premium and petty shown on the invoices to be included in the unit invoice values.

Accepting these two stipulations as an agreed statement of facts, I find and hold that export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, *supra*, is the proper basis for determination of the values of the merchandise shipped by Hasegawa Shoten Co. of Japan, described in the invoice covered by the entry in this appeal for reappraisement, and that such values of the respective items of merchandise are the appraised unit values, less the proportionate share of the inland freight, storage, hauling and lighterage, insurance premium, and petties, all as shown on the invoice which is included in the official papers filed with the court in this suit.

As to all other merchandise, this appeal for reappraisement is dismissed.

Judgment will be entered accordingly.